**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MACKIE EILAND,**

    **Plaintiff,**

                                        **Civil Action 2:12-cv-00453**
    v.                                **Judge Algenon L. Marbley**
                                        **Magistrate Judge E.A. Preston Deavers**

**WARDEN, LONDON CORRECTIONAL**
**INSTITUTION,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

### I.

Plaintiff Mackie Eiland's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Nevertheless, Plaintiff's application reveals that he currently possesses insufficient funds to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (A536582) at the London Correctional Institution ("LoCI") is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28

U.S.C. § 1915(b)(2); s*ee also McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

## II.

Although the Court grants Plaintiff *in forma pauperis* status at this time, the Court must still screen Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having preformed such a screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim. To the extent Plaintiff attempts to bring state law claims it is **RECOMMENDED** that the Court **DECLINE** to exercise supplemental jurisdiction and dismiss such claims without prejudice.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Instead, to survive a motion to dismiss for failure to state a

---

[1] Formerly 28 U.S.C. § 1915(d).

claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678.

Although his Complaint is not entirely clear, Plaintiff appears to be bringing claims under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement.[2] Specifically, Plaintiff maintains that prison staff, at the direction of the maintenance department, activated the prison's heating system. Plaintiff contends that the heating vents were not properly checked or cleaned,

---

[2] Plaintiff indicates that he brought a prior cause of action in the Ohio Court of Claims based on the same basic facts. Although Plaintiff notes that this case ended in April 2012, he does not provide details regarding how the court disposed of the case. For the purposes of this initial screen, however, the undersigned will presume, without deciding, that Plaintiff's prior action has no effect on his current claims.

and the filters were not properly changed, resulting in the release of toxic materials once prison staff activated the vents. Plaintiff asserts that due to these actions he has suffered breathing complications. He indicates that prison medical personnel have since found abnormalities in his lungs and prescribed him medication. Additionally, Plaintiff contends that he is no longer able to engage in the same level of physical activity he was capable of prior to these events.

Plaintiff names Deb Timmerman-Cooper, the Warden of LoCI, and the Ohio Department of Rehabilitation and Corrections ("ODRC") as Defendants in this action.[3] He seeks monetary damages.

In this case, Plaintiff's Complaint fails to state a federal cause of action under 42 U.S.C. § 1983. First, Plaintiff fails to state a facially plausible claim for liability against Defendant Timmerman-Cooper. Wardens and other supervisors are not generally liability for the acts of their subordinates because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). Accordingly, liability under § 1983 cannot "be based solely on the right to control employees, . . . or simple awareness of employees' misconduct." *Id.* (internal quotations and citation omitted). A plaintiff, therefore, must demonstrate that the supervisor "either encouraged the specific incident or in some other way directly participated in it." *Howell v. Sanders*, 668 F.3d 344, 351 n.3 (6th Cir. 2012) (internal quotations omitted). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009) (internal quotations omitted); *see also Roden v. Sowders*, 84 F. App'x 611, 613 (6th Cir. 2003) (holding

---

[3] Although Plaintiff's Complaint also refers to Gary C. Mohr, Director of the ODRC, it explicitly indicates that Mr. Mohr is not a defendant. (Compl. 3, ECF No. 1-1.)

that a warden could not be liable when the prisoner failed to allege that the warden encouraged, condoned, or knowingly acquiesced in the conduct in question).

Here, Plaintiff attempts to bring an action against Defendant Timmerman-Cooper based on her duty, as Warden of LoCI, to control her employees.  (*See* Compl. 7, ECF No. 1-1.)  From the facts Plaintiff alleges, however, the Court cannot reasonably infer that Defendant Timmerman-Cooper participated, in any manner, in the conduct in question.  Rather, the Complaint indicates that Plaintiff's claims stem from the alleged negligence of prison maintenance personnel in checking and cleaning the ventilation system.  Accordingly, even assuming that the conduct in question is adequately grounds for a conditions of confinement claim, Plaintiff fails to allege sufficient facts suggesting that Defendant Timmerman-Cooper is personally liable.

To the extent Plaintiff attempts to bring a claim directly against the ODRC, Eleventh Amendment Immunity applies.  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State."  U.S. Const. amend. XI.  Consequently, "[t]he Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court."  *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).  As this Court has held, the "ODRC is a state agency and therefore enjoys Ohio's sovereign immunity in federal court, unless waived by the state."  *Tackett v. Ohio Dept. of Rehab. & Corr.*, No. 2:10–cv–979, 2011 WL 5076401, at *3 (S.D. Ohio Oct. 25, 2011).  "Ohio has not waived its sovereign immunity in federal court."  *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999)).  The Eleventh

6

Amendment, therefore, bars Plaintiff's claims against the ODRC.

Finally, to the extent Plaintiff attempts to bring state-law claims, the Court should decline to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). In this case, the parties are not diverse and Plaintiff fails to state any federal claim. Accordingly, the Court should decline to exercise supplemental jurisdiction over any potential negligence or other state-law claim embedded within Plaintiff's Complaint.

### III.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim. To the extent Plaintiff attempts to bring state law claims it is **RECOMMENDED** that the Court **DECLINE** to exercise supplemental jurisdiction and dismiss such claims without prejudice. The Clerk is **DIRECTED** to forward a copy of this report and Recommendation to the Attorney General's Office.

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  May 31, 2012                                            /s/ *Elizabeth A. Preston Deavers*
                                                                  Elizabeth A. Preston Deavers
                                                                  United States Magistrate Judge