UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MACKIE EILAND,**

    **Plaintiff,**

v.

    Civil Action 2:12-cv-00453
    **Judge Algenon L. Marbley**
    **Magistrate Judge Elizabeth P. Deavers**

**WARDEN, LONDON CORRECTIONAL,
INSTITUTION,**

    **Defendant.**

## ORDER

This matter is before the Court for consideration of the May 31, 2012 Report and Recommendation. (ECF No. 5.) Upon an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint for failure to state a federal claim. The Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claim. On June 11, 2012, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 6.) For the reasons that follow, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, Plaintiff's federal causes of action are **DISMISSED** and the Court **DECLINES** to exercise supplemental jurisdiction over any potential state law claims.

**I.**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, brings this action against Defendants Deb Timmerman-Cooper, the Warden of the London Correctional Institution, and the Ohio Department of Rehabilitation and Correction ("ODRC"), pursuant to 42 U.S.C. § 1983.

His claims appear to be for unconstitutional conditions of confinement pursuant to the Eighth Amendment. Within his Complaint, Plaintiff specifically maintains prison maintenance employees activated the prison's heating system without properly checking or cleaning the heating vents. Plaintiff contends that because of such actions he has suffered health problems with regard to his breathing.

The Magistrate Judge concluded that Plaintiff failed to state a federal cause of action. With regard to the ODRC, the Magistrate Judge found that Eleventh Amendment immunity applied. Additionally, the Magistrate Judge found that Plaintiff failed to state a cause of action against Defendant Timmerman-Cooper. The Magistrate Judge specifically concluded that Plaintiff's cause of action against Defendant Timmerman-Cooper was based on respondeat superior and that he failed to establish personal liability.

Plaintiff offers generally conclusory Objections in which he maintains that he did state facially plausible claims. Within his Objections, Plaintiff adds to the facts he originally pled, stating that Defendant Timmerman-Cooper directed her subordinates to turn on the heating vents in a manner that ultimately turned out to be negligent. Plaintiff also requests, in lieu of dismissal, that the Court grant him an opportunity to amend.

**II.**

Pursuant to 28 U.S.C. § 1915, the Court shall dismiss the action of a prisoner proceeding *in forma pauperis* upon a finding that the Complaint "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(ii). As the Magistrate Judge recognized, the Court applies the same standards, in deciding whether a plaintiff states a claim, as it would pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring a complaint, in order to survive a

motion to dismiss, to plead "sufficient factual matter" to state a facially plausible claim).  As the United States Court of Appeals for the Sixth Circuit has provided, "[i]f a complaint satisfies the criteria set forth in § 1915(e) when filed, the district court is required to dismiss the complaint without affording the plaintiff an opportunity to amend it."  *Reagan v. Hull*, 99 F. App'x 734, 736 (6th Cir. 2004); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) ("This court has held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to these provisions . . . .").  Finally, the Court must construe Plaintiff's *pro se* Complaint liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).

Although the Constitution does not require comfortable prisons, it does require prison officials to "provide humane conditions of confinement."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Nevertheless, to establish cruel and unusual punishment based on conditions of confinement, "a prison official must have a sufficiently culpable state of mind."  *Id.* at 834 (internal quotations omitted).  Specifically, a claimant must establish deliberate indifference, a "state of mind more blameworthy than negligence" and instead requires an official to "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 835, 837.  Furthermore, as the Magistrate Judge recognized, "[s]ection 1983 liability . . . cannot be premised solely on a theory of respondeat superior, or the right to control employees."  *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

### III.

The Court agrees with the Magistrate Judge that Plaintiff fails to plead a facially plausible cause of action.  First, the Eleventh Amendment bars Plaintiff's claim against the ODRC.  As the Magistrate Judge provided:

> To the extent Plaintiff attempts to bring a claim directly against the ODRC,

3

> Eleventh Amendment Immunity applies. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI. Consequently, "[t]he Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). As this Court has held, the "ODRC is a state agency and therefore enjoys Ohio's sovereign immunity in federal court, unless waived by the state." *Tackett v. Ohio Dept. of Rehab. & Corr.*, No. 2:10–cv–979, 2011 WL 5076401, at *3 (S.D. Ohio Oct. 25, 2011). "Ohio has not waived its sovereign immunity in federal court." *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999)). The Eleventh Amendment, therefore, bars Plaintiff's claims against the ODRC.

(Report and Recommendation 6–7, ECF No. 5.)

Second, the Court finds that Plaintiff fails to state a 42 U.S.C. § 1983 claims against Defendant Timmerman-Cooper. Based on the original Complaint, Plaintiff seeks liability against Defendant Timmerman-Cooper based on her control over her subordinates rather than on her own personal conduct. As detailed above, such an action is not viable under 42 U.S.C. § 1983. Furthermore, Plaintiff does not allege sufficient facts to plead a plausible cause of action based on failure to train.

Within her Objections, Plaintiff does maintain that Defendant Timmerman-Cooper directed her employees to turn on the heating vents, which ultimately led to Plaintiff's alleged injury. Even including this allegation within Plaintiff's original Complaint, however, Plaintiff fails to plead a facially plausible claim. In particular, even assuming that Defendant Timmerman-Cooper directed her employees to turn on the heating vents in a manner that ultimately was negligent, Plaintiff has not provided sufficient factual matter to establish that Defendant Timmerman-Cooper acted with deliberate indifference. The Court has no grounds for inferring that Defendant Timmerman-Cooper was disregarding a known excessive risk.

Ultimately, the facts Plaintiff pleads suggest potential negligence on the part of prison employees, not deliberate indifference.  The fact that Plaintiff pleads, in conclusory fashion, that Defendants acted deliberately is insufficient.  *See Ashcroft*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted).

It is not clear, from Plaintiff's original Complaint and Objections, whether he is attempting to bring independent state law claims for negligence.  Assuming Plaintiff is attempting to bring such claims, the Court agrees with the Magistrate Judge that, under the circumstances of this case, it is proper to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

Finally, to the extent Plaintiff requests an opportunity to amend, this request is **DENIED**.  As detailed above, the Sixth Circuit has held that a district court is required to dismiss an *in forma pauperis* action pursuant to 28 U.S.C. § 1915(e)(2) upon a finding that the provision applies.  Even assuming that the Court has some discretion to allow amendment, based on Plaintiff's Complaint or Objections it appears that allowing amendment would be futile.

## IV.

Based on the above reasoning, as well as the analysis within the May 31, 2012 Report and Recommendation, Plaintiff's Objections (ECF No. 6) are **OVERRULED** and the Report and Recommendation (ECF No. 5) is **ADOPTED**.  Accordingly, Plaintiff's federal causes of action are **DISMISSED** and the Court **DECLINES** to exercise supplemental jurisdiction over any potential state law claims.  The Clerk is **DIRECTED** to remove this action from the Court's pending case list.

**IT IS SO ORDERED.**

       s/Algenon L. Marbley
       **ALGENON L. MARBLEY**
       **UNITED STATES DISTRICT COURT**

**DATED:** September 13, 2012